# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM ALVIN HOPKINS, | Civil Action No. 2: 15-cv-0006 |
| Petitioner, | |
| | United States Magistrate Judge |
| v. | Cynthia Reed Eddy |
| ROBERT GILMORE, Superintendent of SCI-Greene, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, and STEPHEN A. ZAPPALLA, District Attorney of Allegheny County, PA, | |
| Respondents. | |

## MEMORANDUM OPINION[1]

Petitioner, William Alvin Hopkins, is a state prisoner incarcerated at State Correctional Institution Greene in Waynesburg, Pennsylvania. He seeks a writ of habeas corpus, *pro se*, pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition will be denying.

## I.  Procedural History

On April 11, 2011, Petitioner, William Alvin Hopkins ("Petitioner" or "Hopkins"), entered a general guilty plea in the Court of Common Pleas of Allegheny County to the following: four counts of Burglary, consolidating three cases with a total of five victims; three counts of Theft by Unlawful Taking, two counts of Receiving Stolen Property, one count of Possession of Drug Paraphernalia, and one count of Access Device Fraud. On June 22, 2011,

---

[1]  In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. *See* ECF Nos. 29 and 36.

1

following a sentencing hearing, the trial court imposed an aggregate sentence of twelve to twenty-four years' incarceration, plus restitution. [2]

Hopkins, through counsel, filed a direct appeal from his judgment of sentence. On September 21, 2012, the Superior Court affirmed the judgment of sentence. Hopkins did not file a Petition for Allowance of Appeal ("PAA") with the Pennsylvania Supreme Court.

Unsuccessful on direct appeal, Hopkins filed a timely pro se petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"). The PCRA court appointed new counsel, who filed an amended petition on November 30, 2012. The PCRA court held a hearing, at which trial counsel and Petition testified. The PCRA court, finding trial counsel's testimony credible, denied relief by order entered February 21, 2013. Hopkins appealed to the Superior Court. By Order entered February 10, 2014, the Superior Court, adopting the PCRA court's reasoning as its own, found that Hopkins was not entitled to relief. The Supreme Court of Pennsylvania denied allowance of appeal on July 2, 2014.

Having been denied relief in state court, Hopkins filed *pro se* the instant habeas petition, pursuant to 28 U.S.C. § 2254, in which he raises the following claim:

> Trial Counsel provided ineffective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution. Specifically, Petitioner was convicted on a the basis of a guilty plea that was the product of ineffective assistance of counsel.

---

[2] At CC No. 201016024, Hopkins was sentenced to a term of imprisonment of 48 to 96 months, with credit for time served, and to pay restitution in the amount of $1,045.00. At CC No. 201008346, Hopkins was sentenced at Count 1 to a term of imprisonment of 24 to 48 months, to be served consecutive to the sentence at CC No. 201016024. At Count 3, Hopkins was sentenced to a consecutive term of imprisonment of 48 to 96 months. At CC No. 201014284 , Hopkins was sentenced to a term of imprisonment of 24 to 48 months, to be served consecutive to the sentence imposed at count 3 of CC No. 201008346.

Habeas Pet. at 6 (ECF No. 1). Respondents filed a timely Answer (ECF No. 8) and the relevant state court records, to which Petitioner filed a timely Reply Memorandum. (ECF No. 10). The Court has reviewed the filings by the parties, as well as the state court record, including the transcripts from Hopkins' guilty plea proceeding, sentencing proceeding, and PCRA hearing. The matter is fully briefed and ripe for disposition.

## II. Standard of Review

### A. 28 U.S.C. § 2254

This case is governed by the federal habeas statute applicable to state prisoners. 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214, enacted on April 24, 1996 ("AEDPA"), "which imposes significant procedural and substantive limitations on the scope" of the Court's review.[3] *Wilkerson v. Superintendent Fayette SCI*, 871 F.3d 221, 227 (3d Cir. 2017). Under AEDPA, a petitioner must " 'ha[ve] exhausted the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), before seeking federal habeas relief, and a claim will be deemed unexhausted if the petitioner 'has the right to file under the law of the State to raise, by any available procedure, the question presented,' but has failed to do so, i*d*. § 2254(c)." *Id*. at *3.

Respondents do not dispute that the issue raised in this habeas petition is exhausted. Hopkins raised the claim that his guilty plea was the product of ineffective assistance of counsel during his PCRA proceedings, and the claim was denied on its merits both before the PCRA court the Superior Court. "Where a state court has rejected a petitioner's claim on the merits, AEDPA limits the scope of [the court's] substantive review to whether the state court's decision

---

[3] The first consideration in reviewing a federal habeas petition is whether the petition was timely filed under AEDPA's one-year limitations period. 28 U.S.C. § 2254(d). Respondents do not dispute that Hopkins' petition was timely filed.

'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the Untied States." *Id.* (quoting 28 U.S.C. § 2254(d)(1)).

"A state-court decision is 'contrary to' clearly established federal law if the state court (1) 'contradicts the governing law set forth in [the Supreme] Court's cases or (2) 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a [different] result.' " *Lambert v. Blackwell*, 387 F.3d 210, 234 (3d Cir. 2004) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). Few state court decisions will be "contrary to" Supreme Court precedent. "Clearly established Federal law" should be determined as of the date of the relevant state-court decision. *Greene v. Palakovich,* 606 F.3d 85, 95 (3d Cir. 2010), *aff'd*, *Greene v. Fisher,* 565 U.S. 34 (2011).

The federal habeas court more often must determine whether the state court adjudication was an "unreasonable application" of Supreme Court precedent. "A state-court decision 'involve[s] an unreasonable application' of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case'; or (2) 'unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.' " *Id*. (quoting *Williams*, 529 U.S. at 407).

Hopkins' claim will be reviewed with these standards in mind.

4

**III. Review of Petitioner's Claim[4]**

As he did during the PCRA proceedings, Hopkins argues that his guilty plea was the product of trial counsel's ineffective assistance of counsel. Specifically, he maintains that trial counsel erred when she advised him to pursue a county sentence[5] even though guidelines and sentencing law mandated that he serve his sentence in a state correctional facility. Hopkins argues that trial counsel advised him to (1) reject an offer made by the Commonwealth of 5 to 10 years' incarceration in exchange for pleading guilty, (2) proceed with a general plea, and (3) request the court to impose a county, rather than state, sentence of incarceration.[6]

The clearly established federal law with respect to a claim of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the now familiar *Strickland* standard, Hopkins must show that his counsel's performance was deficient and that this deficiency prejudiced his defense. *Bey v. Superintendent Greene SCI,* 856 F.3d 230, 238 (3d Cir. 2017) (quoting *Strickland,* 466 U.S. at 694). On habeas review, a court "may begin and, when dispositive, end with either of *Strickland's* two prongs." *Mathias v. Superintendent Frackville SCI,* 869 F.3d 175, 189 (3d Cir. 2017).

---

[4] The factual background of Hopkins' criminal case is not relevant to the Court's determination of the instant federal habeas petition. However, the factual background may be found in Respondents' Answer, which quotes extensively from the relevant portions of the affidavits of probable cause supporting the criminal complaints in Hopkins' criminal cases. *See* Ans. at 7 - 10. (ECF No. 8).

[5] Sentences of less than two years may be served at Allegheny County Jail and are therefore regularly called "county sentences" or "county-length sentences."

[6] Hopkins also takes issue with the PCRA court's credibility findings. Both these issues depend upon the same assertion that plea counsel was ineffective in advising Hopkins not to take the Commonwealth's offer of a negotiated sentence of five to ten years' incarceration.

During the PCRA hearing, both trial counsel and Petitioner testified. The PCRA court summarized their testimony as follows:

> [T]rial counsel testified that she represented Appellant on a consolidated plea for three matters. Counsel testified that she advised Appellant to accept an offer made by the Commonwealth for an aggregate five-to-ten-year sentence, and Appellant, understanding the offer, rejected it, believing that he could do better. According to trial counsel, Appellant believed that he knew the system based on his lengthy history with the courts and his active Service Plan with Justice-Related Services (JRS). Appellant was "adamant that he would get his Service Plan simply by virtue of having a JRS Service Plan. Trial counsel testified that, after Appellant rejected the offer, she continued to advocate on his behalf to the best of her ability.
>
> [A]ppellant testified that he rejected the offer because trial counsel told him that she was going to convince the Court to sentence Appellant to the JRS Program, and he took her advice. Appellant said that counsel told him that she would get him a county sentence of 11.5 to 23 months.

PCRA Opinion, August 2, 2013 (ECF No. 8-5 at 19 -20).

Further, the PCRA court noted that during the plea proceeding, when the Court indicated that it was not inclined to grant a county sentence, Hopkins "remained resolute that he would do better than the Commonwealth's offer with a general plea." He also admitted during his PCRA testimony that the court told him when he entered his plea that he was not going to get a county sentence. *Id.* at 21.

After observing both trial counsel and Hopkins and listening to their sworn testimony, the PCRA court found as follows:

> Experienced counsel credibly testified that she did not promise Appellant that he would receive a county sentence. Instead she advised him to accept a plea offer of five to ten years incarceration. Appellant was well aware that he would not be receiving a county sentence, and counsel's advice to accept the offer was sound, given Appellant's guidelines on the four Burglaries[7] and the fact that he had five victims on these counts. Appellant, due to his own stubborn beliefs and misguided notions from his prior court experiences, and against the reasoned

---

[7] Each count was graded as a felony of the first degree.

> advice of counsel, exercised his right to reject the offer. Having rejected the sound advice of counsel, Appellant is precluded from alleging ineffectiveness for his own failure to be persuaded.

*Id.* Although not citing to *Strickland*, the PCRA court applied the three-prong ineffectiveness test set out in *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2013):

> (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act and (3) the defendant suffered prejudice as a result of counsel's deficient performance.

The PCRA court concluded that Hopkins' ineffectiveness claim had no arguable merit.

The decisions of the state courts during Hopkins' PCRA proceedings easily withstand review under AEDPA. It clear that the PCRA court applied the correct standard for ineffective assistance of counsel.[8] Therefore, the law applied by the state courts was not contrary to the federal law. Furthermore, the PCRA court's credibility determination, as affirmed by the Pennsylvania Superior Court, is a finding of fact presumed to be correct under 28 U.S.C. § 2254(e)(1). Petitioner has not established by clear and convincing evidence that the credibility determination made by the Pennsylvania state courts was incorrect.[9]

---

[8] Pennsylvania applies the same test for ineffective assistance of counsel as the federal courts. *Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000). In Pennsylvania, the ineffective assistance of counsel standard requires the petitioner to "rebut the presumption of professional competence" by demonstrating: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interest; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Sneed*, 899 A.2d 1067, 1076 (Pa. 2006) (citing *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001)). If the petitioner fails to satisfy any of the standard's prongs, the claim will be rejected. *Id.*

[9] Although § 2254(e)(1) has a heightened standard of clear and convincing evidence for reviewing factual determinations, this standard is not insurmountable. As the United States Supreme Court has stated: "Even in the context of federal habeas, deference does not imply the abandonment or abdication of judicial review. Deference does not by definition preclude relief. A federal court can disagree with a state court's credibility determination and, when guided by

## IV. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. Applying those standards here, the Court concludes that jurists of reason would not find it debatable whether Hopkins' claim should be dismissed. Accordingly, a certificate of appealability will be denied.

## IV. Conclusion

For all of the above reasons, the petition for a writ of habeas corpus will be denied. There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability. An appropriate Order follows.

Dated: October 27, 2017                     s/ Cynthia Reed Eddy
                                            Cynthia Reed Eddy
                                            United States Magistrate Judge

---

AEDPA, conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

cc:     WILLIAM ALVIN HOPKINS
       KB-9194
       S.C.I. Greene
       175 Progress Drive
       Waynesburg, PA 15370
       (via U.S. First Class Mail)

       Kelly D. Tomasic
       Rusheen R. Pettit
       Office of the District Attorney of Allegheny County
       (via ECF electronic notification)